# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| MARVIN LYNN NEESMITH, | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV615-080 |
| | ) | CR602-009 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

After pleading guilty to possession of a firearm by a convicted felon, Marvin NeeSmith moves under 28 U.S.C. § 2255 for resentencing absent an armed career criminal enhancement. Doc. 45.[1] Review of both parties' briefing shows that his motion must be denied.

## I. BACKGROUND

On June 25, 2002, NeeSmith pled guilty to one count of possession of a firearm by a convicted felon. *See* docs. 25 (change of plea); 32 (judgment). His Presentence Investigation Report (PSI) deemed him an "armed career criminal" under the Armed Career Criminal Act

---

[1] All citations are to the criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

("ACCA") based on prior convictions for aggravated assault, armed robbery, and manufacturing marijuana. *See* PSI ¶¶ 22. After adopting the PSI (doc. 48 at 4-5), the Court sentenced him to 212 months' imprisonment, within the applicable, 188-235 month Sentencing Guidelines range. Doc. 32 (entered August 20, 2002). Because he never appealed, NeeSmith's conviction became final on September 3, 2003. Fed. R. App. P. 4(b)(1)(A) (criminal defendants must file a notice of appeal within 14 days of the entry of judgment).

NeeSmith filed the present § 2255 motion almost twelve years after his conviction became final.[2] Doc. 47 (filed December 7, 2015). He argues that under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), he no longer qualifies as an armed career criminal and thus is serving a sentence beyond the applicable statutory maximum. Doc. 50 at 7. He apparently premises the timeliness of his § 2255 motion on the idea that *Johnson* establishes a "retroactive right" applicable to his case. *See* 28 U.S.C. § 2255(f)(3); doc 47 at 12.

---

[2] This is not NeeSmith's first § 2255 rodeo. *See* doc. 38 (filed July 9, 2003). Normally, second § 2255 motions encounter severe filing restrictions. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). The instant motion escapes those because the Court dismissed NeeSmith's first motion without prejudice. *See Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014) ("When an earlier habeas corpus petition was dismissed *without prejudice*, a later petition is not "second or successive" for purposes of § 2244(b).").

2

## II. ANALYSIS

The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g), and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Plain vanilla felon-in-possession convictions bring a maximum 10 year sentence, *see* 18 U.S.C. § 922(a)(2), while the ACCA enhancement mandates a 15 year minimum (and a maximum of life). 18 U.S.C. § 924(e)(1).

The ACCA defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* held that that "residual clause" violated due process. *See* 135 S. Ct. 2551, 2557. It said nothing, however, about ACCA enhancements predicated on convictions for "serious drug offenses" or "violent felonies" classed as such under ACCA provisions other than the residual clause.[3] *See, e.g., Johnson*, 135

---

[3] Importantly, the ACCA's "serious drug offense" definition contains no language that even remotely resembles the residual clause language *Johnson* found objectionable. *See* 18 U.S.C. § 924(e)(2)(A). Instead, any "offense under State law, involving manufacturing, distributing, or possessing with intent to distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed," qualifies. *Id.*

3

S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," much less its definition of "serious drug offense"). After *Johnson*, enhancements based on those offenses remain valid. *See United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015) (convictions that qualify as violent felonies under the "elements" clause of the ACCA rather than the "residual" clause survive *Johnson*).

As the PSI makes clear, NeeSmith's enhancement came because of aggravated assault (he shot a man five times in the back, PSI ¶ 29), armed robbery (he stole at gunpoint over $6,400 in cash from two people, PSI ¶ 26), and manufacturing marijuana (law enforcement found NeeSmith growing over sixty marijuana plants) convictions. *See* PSI ¶ 22. The first two qualify as violent felonies under the ACCA's "elements" clause, while the marijuana conviction qualifies as a serious drug offense.[4] Hence, even after *Johnson*, he has at least three ACCA

---

[4] *See* O.C.G.A. §§ 16-13-30(j) ("It shall be unlawful for any person to . . . manufacture . . . marijuana. . . . [A] person who violates this subsection shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not . . . more than ten years."); O.C.G.A. § 16-5-21 ("A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon. . . .").

4

predicate offenses (as well as a multitude of other convictions, some of which may qualify as ACCA predicates) and thus a valid armed career criminal enhancement.

It follows that NeeSmith cannot look to § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which dictates that the clock started the day his conviction became final (September 3, 2003). It ran out on September 4, 2004 (he never appealed or sought post-conviction relief before now), so his motion is untimely.[5]

---

The 1975 version of Georgia's armed robbery statute requires that a person, "with intent to commit theft," take the "property of another from the person of another . . . by use of an offensive weapon." Ga. Crim. Code § 26-1902 (1975). As the Government correctly notes, even if that particular conviction no longer qualifies as a violent felony, NeeSmith has several other convictions that qualify as ACCA predicates, including a second manufacturing marijuana conviction (PSI ¶ 32), and a burglary conviction stemming from the same incident that generated his armed robbery conviction. *See* PSI ¶ 26.

[5] Timeliness aside, *Johnson*'s inapplicability also means NeeSmith fails to state a claim for relief. To those prisoners presenting second or successive § 2255 motions, *Johnson* lacks retroactive reach and thus provides no relief. *See In re Rivero*, 797 F.3d 986, 989 (11th Cir. 2015); *In re Franks*, ___ F.3d ___, 2016 WL 80551 at * 2 (11th Cir. Jan. 6, 2016). But even for those like NeeSmith presenting first/non-successive motions, *Johnson* has nothing to say about enhancements predicated on enumerated felonies or serious drug offenses. Motions, like NeeSmith's, that rely on *Johnson* thus fail to state a due process claim. His sentence remains valid (no due process violation) and no grounds exist on which to rest the resentencing he seeks. *See* 28 U.S.C. § 2255(a) (those in prison on federal sentences may only move to correct their sentence if it was "imposed in violation of the Constitution or laws of the United States").

Accordingly, NeeSmith's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 14TH day of January, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA